# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPH FRANCIS BOZZELLI, | : | |
| Plaintiff, | : | Civ. No. 18-12427 (RBK) (AMD) |
| v. | : | |
| | : | **OPINION** |
| STEVEN SALINGER, et al., | : | |
| Defendant. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, Joseph Francis Bozzelli, was a pretrial detainee lodged at the Camden County Correctional Facility at the time he filed his *pro se* civil rights complaint in this action. Previously, this Court granted plaintiff's application to proceed *in forma pauperis*. (*See* ECF No. 5).

This Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or whether it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed in its entirety with prejudice for failure to state a claim upon which relief may be granted.

## II. BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening opinion. Plaintiff names one defendant in his complaint, Steven Salinger. The complaint alleges that Mr. Salinger is plaintiff's criminal defense attorney and a public defender. Plaintiff alleges that Mr. Salinger used a racial slur when speaking with plaintiff in June, 2018. Plaintiff brings

this complaint pursuant to 42 U.S.C. § 1983. As relief, plaintiff requests that this court appoint him new counsel.

### III. LEGAL STANDARDS

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *see* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 Fed.Appx. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### IV. DISCUSSION

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff has only alleged a racially-based insult on the part of Mr. Salinger. Such language, assuming it was uttered, is egregious and troubling, but does not give rise to a claim under § 1983. Indeed, "'[t]he use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution.'" *Gannaway v. Berks Cnt'y Prison*, 439 F. App'x 86, 91 (3d Cir. 2011) (quoting *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)); *Mugavero v. Town of Kearney*, No. 12-2439, 2013 WL 3930120, at *3 (D.N.J. July 30, 2013) ("[I]t is well-settled that racially discriminatory statements, racial slurs, and racial epithets, on their own, fail to establish liability under section 1983."). Accordingly, the complaint will be dismissed for failure to state a claim.

Typically, this Court would give plaintiff leave to file a proposed amended complaint. However, as Mr. Salinger's purported use of a racial slur fails to state a claim for 1983 liability, and because any proposed amendment against Mr. Salinger would be futile, this Court will dismiss the complaint with prejudice.

## V. CONCLUSION

For the reasons stated above, plaintiff's complaint will be dismissed with prejudice for failure to state a claim. An appropriate order will be entered.


DATED:  March 18 , 2019                             s/Robert B. Kugler
                                                    ROBERT B. KUGLER
                                                    United States District Judge